*J. I. Best, J. A. Woodhull,* and *W. G. Croxton,* for appellant.

---

THE STATE, on the Relation of WILDER and Another, *v.* DAUGHERTY and Others.

SHERIFF.—*Suit on Official Bond.*—*Pleading.*—Suit on a sheriff's official bond, the complaint assigning, 1. The failure and refusal of said sheriff to sell, on an execution in his hands in favor of the relators, property of the exe-

The State, *ex rel.* Wilder and Another, *v.* Daugherty and Others.

cution defendant levied upon thereunder, sufficient to satisfy the execution, and returning the execution unsatisfied. 2. The failure and neglect of said sheriff to sell said property so levied upon and his failure and neglect to return said execution until long after the time at which it was returnable. 3. A false return to said execution.

*Held,* that an answer alleging, that the acts and doings of said sheriff as such, "assigned in the several alleged breaches in the plaintiffs' complaint as breaches of the condition of said official bond, were had and done by said defendant with the full knowledge of the relators at the time, and by their advice and consent, and by the advice and consent of their attorneys having charge of said execution," was too indefinite to justify a breach of official duty, especially the making of a false return.

*Held,* also, that an answer to the first breach, that the failure to sell named in said breach "was caused alone by the act of said relators and not by any act or omission of said" sheriff, was bad on demurrer.

*Held,* also, that an answer to the first breach, alleging, that the property levied on was openly struck off and declared to be sold to the relator and, the plaintiff in another execution against the same defendant, and they failed to pay the purchase-money, but not alleging that any bid was made on the property by the execution-plaintiffs or any other person in their names, authorized by them so to do, was bad on demurrer.

*Held,* also, that an answer to the second breach, alleging that the delay in returning said execution "was caused by, and done with, the knowledge and consent of said relators, their agents, and attorneys, and not by any wrongful act or omission of said" sheriff, was too indefinite.

APPEAL from the Delaware Circuit Court.

Suit in the name of the State, on relation of the appellants, against Daugherty and his sureties on his official bond as sheriff of Delaware county.

The complaint alleges, that the appellants recovered a judgment in the Fountain Circuit Court on the 28th of February, 1866, against one Kennedy, for four hundred and twenty-three dollars and seventy cents and costs; that on the 9th day of March, 1866, an execution was duly issued on said judgment, directed to the sheriff of Delaware county, which came to the hands of the defendant Daugherty, as such sheriff, on the 12th of March, 1866, commanding him to make the amount of said judgment and costs by a levy and sale of the goods and chattels, lands and tenements of said Kennedy in said county of Delaware.

Three separate breaches of the bond are alleged:

1st. That Daugherty, as such sheriff, levied the execution on sufficient property of said Kennedy to satisfy the same, but that he failed and refused to make sale thereof, as he might and should have done, and afterwards returned the execution wholly unsatisfied.

2d. That said Daugherty, after having levied said execution on property sufficient to satisfy the same, failed and neglected to sell the same, and also failed and neglected to return said execution on or before the 5th of September, 1866, the time when it was returnable, but, on the contrary, held and kept the same in his hands, and did not return it until the 29th day of August, 1867.

3d. That said Daugherty, after having levied said execution on certain real estate of said Kennedy, which is described, made a false return to said writ by falsely returning that he did on the 8th of September, 1866, offer for sale the property so levied upon in separate parcels (except the south half of lot seven, in block three, in Gilbert's donation in the city of Muncie, which was not sold by order of the plaintiffs' attorney), and that these plaintiffs, in connection with G. & S. Crawford, bid for the same sums amounting in the aggregate to the sum of two hundred and five dollars, and that the same was openly struck off to them for said sum, and a certificate of purchase tendered to them, but that they failed to pay the purchase-money or any part of it.

It is denied that the plaintiffs' attorney gave any order to the sheriff not to sell the half of said lot seven, in block three. It is also denied that the sheriff offered the residue of the property in separate parcels or otherwise, and it is alleged to be untrue that the plaintiffs made any bid whatever on said property, or that the same was struck off to them, or a certificate of purchase offered or tendered to them therefor.

The defendants filed an answer in seven paragraphs. The second and seventh were stricken out on motion. The others are:

1st. The general denial.

3d. "The acts and doings of Daugherty as such sheriff, assigned in the several alleged breaches in plaintiffs' complaint as breaches of the condition of said official bond, were had and done by said defendant with the full knowledge of the said relators at the time, and by their advice and consent, and by the advice and consent of their attorneys having charge of said execution."

4th. To the first breach, that the failure to sell, named in said breach, "was caused alone by the act of said relators, and not by any act or omission of said defendant Daugherty."

5th. To the first breach, that Daugherty levied upon, advertised, and offered for sale all the property of the execution-defendant, within the county of Delaware, which came to his knowledge, and on such sale said property was openly struck off and declared to be sold for the sum of two hundred and five dollars to the said relators jointly with George Crawford and Samuel Crawford, who were creditors in and by another execution then in the hands of said Daugherty, issued by the clerk of the Circuit Court of Fountain county against said Kennedy; that the attorney of the relators was also the attorney of the said Crawfords, and that the levy, advertisement, and sale of said property were alike upon both of said executions, and that said purchasers have failed and refused to pay said purchase-money and every part thereof.

6th. In answer to the second breach of the bond alleged in the complaint, that the delay in returning said execution "was caused by, and done with, the knowledge and consent of said relators, their agents and attorneys, and not by any wrongful act or omission of said defendant Daugherty."

A several demurrer was filed to the third, fourth, fifth, and sixth paragraphs of the answer, which was overruled, and the ruling was excepted to by the appellants. A reply in denial was then filed.

A trial of the issues by the court resulted in a finding and judgment for the defendants, a motion for a new trial having been overruled.

ELLIOTT, J.—The first question urged in the case, upon which a reversal is claimed, arises upon the ruling of the court in overruling the demurrer to the third, fourth, fifth, and sixth paragraphs of the answer.

The third paragraph is pleaded in bar of all the breaches, and alleges, in substance, that the acts of Daugherty complained of were had and done with the knowledge and by the advice and consent of the relators and their attorneys. It assumes to be an answer in confession and avoidance. Various acts are complained of; among others, that the sheriff made a false return, and the complaint sets out the particulars, all of which the answer attempts to avoid by the general allegation that what the sheriff did was all done 'by the advice and consent of the relators, without alleging the particular facts, the substance, or nature of the advice under which he claims to have acted. It is too indefinite and uncertain in its allegations to justify a breach of official duty, and especially that of making a false return.

The fourth paragraph does not deny, nor does it confess and avoid, the facts alleged in the breach to which it is directed. It is too clearly bad to require comment.

The fifth paragraph is in answer to the first breach. It alleges, that the property levied on was openly struck off and declared to be sold to the relators and to the Crawfords, who were the plaintiffs in another execution, jointly, and that they failed to pay the purchase-money. We need not determine the question whether execution-plaintiffs who bid off the property for a less amount than is due them on the execution, are required to pay the purchase-money to the sheriff, as the paragraph is clearly defective in not alleging that any bid was made on the property by the execution-plaintiffs, or by any other person in their names, authorized so to do by them. The sheriff has no

authority to strike off property to the execution-plaintiffs unless they are bidders at the sale.

The sixth paragraph is too indefinite.; it does not allege any specific fact in avoidance of the facts alleged in the second breach, or what the relators did to cause the sheriff to neglect to return the execution for nearly a year after the return day thereof.

The demurrer to these several paragraphs should have been sustained.

Other errors are assigned, but as they relate to matters occurring at the trial of the issues formed on the answers, to which, as we have seen, the demurrer should have been sustained, it is not necessary that we should examine them.

The judgment is reversed, with costs, and the cause remanded, with directions to the circuit court to sustain the demurrer to the third, fourth, fifth, and sixth paragraphs of the answer, with leave to amend the pleadings, &c.

*J. Buchanan,* for appellants.